UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GREY ROCK FUELS L L C** | **CASE NO.  2:21-CV-01637** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S S ORLECK NAVAL MUSEUM INC ET AL** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion for Summary Judgment [doc. 22] filed by defendants USS Orleck Naval Museum, Inc. ("Orleck Naval Museum") and International Marine Underwriters ("IMU"). Plaintiff Grey Rock Fuels, LLC ("Grey Rock") opposes the motion. Doc. 24.

**I.**
**BACKGROUND**

This suit arises from Hurricane Laura, which struck Southwest Louisiana on August 27, 2020. Orleck Naval Museum is the owner of a former United States Navy destroyer, the USS Orleck. Prior to the storm, Grey Rock alleges, the ship was docked without permission using Grey Rock's mooring dolphin on the Calcasieu River in Lake Charles, Louisiana. Doc. 1, ¶ 4. When Hurricane Laura's high winds struck, Grey Rock further alleges, the ship and its moorings were pulled away from the dolphin, damaging it in the process and creating an underwater navigation hazard. *Id.*

Grey Rock filed suit in this court against Orleck Naval Museum and its insurer, IMU, raising a claim of negligence. It invoked the court's admiralty and maritime

jurisdiction, noting the fact that the incident had occurred on a navigable waterway and that it had a significant relationship to traditional maritime activity. *Id.* at ¶¶ 5–6. The case is set for bench trial before the undersigned on May 8, 2023. Doc. 21. Defendants now move for summary judgment, arguing that any damages awarded to Grey Rock for repair of the mooring dolphin are subject to reduction for depreciation "to the extent the repairs add new value to, or extend the useful life of, the mooring dolphin." Doc. 22, att. 1, p. 5. Grey Rock opposes the motion, asserting that there are issues of fact as to the age and condition of the mooring dolphin. Doc. 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Defendants do not dispute Grey Rock's invocation of admiralty jurisdiction, and the court finds in this case that it exists. Accordingly, substantive maritime law applies. *E.g.*, *Hertz v. Treasure Chest Casino, LLC*, 274 F.Supp.2d 795, 801 (E.D. La. 2003). Under maritime law, the "new-for-old rule" provides that an injured party is only entitled to recover "that which is necessary to restore his damaged property to the same condition as existed immediately before the delict." *Oceaneering Intern., Inc. v. Cross Logistics, Inc.*, 2014 WL 2462810, at *25 (S.D. Tex. June 2, 2014) (citing *City of New Orleans for Use & Benefit of Sewerage & Water Bd. of New Orleans v. Am. Commercial Lines, Inc.*, 662 F.2d 1121, 1124 (5th Cir. 1981)). The justification for this rule is "to avoid giving the injured person the windfall of providing him with a new replacement for that which was old and depreciated and would in normal course have to be replaced in any event." *1 Fireman's*

*Fund Ins. Co. v. United States*, 2011 WL 13398719, at *5 (S.D. Tex. July 14, 2011) (quoting *Pillsbury Co. v. Midland Enters., Inc.*, 715 F.Supp. 738, 764 (E.D. La. 1989)). When repair/replacement costs form the basis of a damage award, the court must determine whether the repair or replacement adds value to or extends the useful life of the property. *Id.* If it does, then the court must make "an appropriate reduction" from the full repair or replacement costs. *Id.*

Defendants point to Grey Rock's admission that the mooring dolphin "is believed to be about 30 years old." Doc. 22, att. 3, p. 4. They also produce evidence suggesting pre-storm wear and tear to the dolphin. *Id.* at 12, 14 (expert reports noting preexisting damage to the dolphin's pilings). Based on this showing, defendants request that the court enter a judgment "finding that any damages awarded to plaintiff for repair of the mooring dolphin, are subject to reduction for depreciation to the extent the repairs add new value to, or extend the useful life of, the mooring dolphin." Doc. 22, att. 1, p. 5. Grey Rock opposes the motion, showing that its own corporate representative could only speculate on the age of the dolphin. Doc. 24, att. 1. Grey Rock also challenges the factual bases of defendant's expert reports and asserts that the court should refuse to consider the issue given defendants' failure to plead depreciation as an affirmative defense. *Id.* Finally, it argues that repairs will not extend the useful life of the mooring dolphin because only one of four pilings may need to be replaced and, if the entire dolphin were replaced due to age, the damaged piling would be replaced as well. *Id.*

Grey Rock provides no authority for its position that depreciation must be raised as an affirmative defense, and the matter is not among those listed under Federal Rule of Civil

Procedure 8. *See* Fed. R. Civ. P. 8(c)(1) (listing affirmative defenses). As Grey Rock asserts, there are issues of fact as to the age and condition of the mooring dolphin, as well as the extent to which any repair or replacement would extend its useful life. The court agrees with defendants that, if repair/replacement costs are awarded, it must **consider** whether repair/replacement costs add value to an item and then make an appropriate reduction if they do. However, the court will only make such a determination if damages are awarded and at that time will consider all appropriate evidence on the issue. At this time there is insufficient evidence to determine whether any such award would be "subject to" depreciation. Accordingly, summary judgment on the issue is premature.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 22] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 9th day of March, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**